**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.

MIRZA BAIG

Criminal No.  3:14-CR-344-P

## PLEA AGREEMENT

Mirza Baig, the defendant; David Martinez, the defendant's attorney; and the United States of America (the government) agree as follows:

1.   **Rights of the defendant:**  Baig understands that he has the right

   a.  to have this case presented to a grand jury;

   b.  to plead not guilty;

   c.  to have a trial by jury;

   d.  to have his guilt proven beyond a reasonable doubt;

   e.  to confront and cross-examine witnesses and to call witnesses in his defense; and

   f.  against compelled self-incrimination.

2.   **Waiver of rights and plea of guilty:**  Baig waives these rights and pleads guilty to the offense alleged in Count One of the Superseding Information, charging a violation of 18 U.S.C. § 1349, that is, Conspiracy to Commit Mail Fraud.  Baig understands the nature and elements of the crime to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence.

**Plea Agreement - Page 1 of 6**

3.   **Sentence:** The maximum penalties the Court can impose include:

   a.   imprisonment for a period not more than 20 years;

   b.   a fine not to exceed $250,000.00, or twice any pecuniary gain to the defendant or loss to the victim(s);

   c.   a term of supervised release up to three years, which may be mandatory under the law and will follow any term of imprisonment. If Baig violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

   d.   a mandatory special assessment of $100.00;

   e.   restitution to victims or to the community, which is be mandatory under the law, and which Baig agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

   f.   costs of incarceration and supervision.

4.   **Court's Sentencing Discretion and the Role of the Guidelines:** The defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. The defendant reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. The defendant will not be allowed to withdraw his plea if his sentence is higher than expected. The defendant fully understands that the actual sentence imposed (so long as it is within the statutory

Plea Agreement - Page 2 of 6

maximum) is solely in the discretion of the Court.

5.    **Mandatory special assessment:** Prior to sentencing, Baig agrees to pay to the U.S. District Clerk the amount of $100.00, in satisfaction of the mandatory special assessment in this case.

6.    **Defendant's agreement:** Baig shall give complete and truthful information and/or testimony concerning his participation in the offense of conviction. Upon demand, Baig shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution. Baig expressly authorizes the United States Attorney's Office to immediately obtain a credit report on him in order to evaluate his ability to satisfy any financial obligation imposed by the Court. Baig fully understands that any financial obligation imposed by the Court, including the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of a fine, Baig agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy defendant's full and immediately enforceable financial obligation. Baig understands that he has a continuing obligation to pay in full, as soon as possible, any financial obligation imposed by the Court.

7.    **Government's agreement:** The government will not bring any additional charges against Baig based upon the conduct underlying and related to his plea of guilty. The government will file a Supplement in this case, as it routinely does in every case, even though there may or may not be any additional terms. This agreement is limited to

the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Baig or any property.

8.      **Violation of agreement:** Baig understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Baig for all offenses of which it has knowledge.  In such event, Baig waives any objections based upon delay in prosecution.  If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Baig waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

9.      **Voluntary plea:** This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement.  There have been no guarantees or promises from anyone as to what sentence the Court will impose.

10.      **Waiver of right to appeal or otherwise challenge sentence:** Baig waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and/or order of restitution or forfeiture in an amount to be determined by the district court.  He further waives his right to contest the conviction, sentence, fine and/or order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255.  Baig, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of

**Plea Agreement - Page 4 of 6**

his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

11.    **Representation of counsel:** Baig has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. Baig has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Baig has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

12.    **Entirety of agreement:** This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this _14th_ day of November, 2014.

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

BRIAN D. POE
Assistant United States Attorney
Northern District of Texas
Texas State Bar No.  24056908
1100 Commerce St., Third Floor
Dallas, Texas 75242-1699
Telephone:    214-659-8670
Facsimile:     214-659-8803
E-mail:         brian.poe@usdoj.gov

CHAD MEACHAM
Criminal Chief

Plea Agreement - Page 5 of 6

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney.  I fully understand it and voluntarily agree to it.

_____
MIRZA BAIG
Defendant

_____
Date    11/14/14

I am the defendant's counsel.  I have carefully reviewed every part of this Plea Agreement with the defendant.  To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____
DAVID MARTINEZ
Attorney for Defendant

_____
Date    11-13-14